Vacated by Supreme Court, February 28, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4687

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAUL LEE JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  W. Craig Broadwater, District Judge.  (CR-02-35)

Submitted:  June 23, 2004         Decided:  September 16, 2004

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Cipriani, CIPRIANI & PAULL, L.C., Wellsburg, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Paul Lee Jackson appeals his conviction and 240-month sentence following his guilty plea to conspiring to distribute more than 50 grams of cocaine base from 1995 to 2002, distributing approximately 1.71 grams of cocaine base, and intending to distribute approximately .10 grams of cocaine base. See 21 U.S.C. §§ 2, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846 (2000).

On appeal, Jackson argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. Jackson also argues that the district court clearly erred by adopting the finding in the Presentence Report ("PSR") with regard to his relevant conduct. Finally, Jackson has filed a pro se supplemental brief asserting several claims.

Where, as here, a defendant seeks to withdraw his guilty plea before sentencing, he must demonstrate a "fair and just reason" for withdrawal of the plea. Fed. R. Crim. P. 11(d). "A defendant has no 'absolute right' to withdraw a guilty plea, and the district court has discretion to decide whether a 'fair and just reason' exists upon which to grant a withdrawal." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003), cert. denied, 124 S. Ct. 1523 (2004) (quoting United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000)). The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

- 2 -

In determining whether a defendant has shown a "fair and just reason" to withdraw his guilty plea, a court examines the following six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The most important consideration in resolving a motion to withdraw a guilty plea, however, is whether the Rule 11 plea colloquy was properly conducted. See Bowman, 348 F.3d at 414. A court should closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

The district court evaluated Jackson's motion to withdraw his guilty plea in light of the six factors enumerated in Moore. See Moore, 931 F.2d at 248. The court found that Jackson had simply not offered credible evidence that his plea was not knowing and voluntary. The court also concluded that the delay between the entry of his plea and Jackson's motion to withdraw it, as well as his inability to credibly assert his legal innocence, counseled against granting his motion. Upon review of the record, including

- 3 -

a thorough review of the Rule 11 hearing, we cannot say that the district court abused its discretion in denying Jackson's motion to withdraw his plea.

Jackson also argues that the district court clearly erred in accepting the findings of the PSR with regard to drug quantity. Because, at sentencing, Jackson failed to meet his burden to show that the PSR findings were inaccurate, his claim on this ground is without merit. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

Additionally, Jackson filed a motion for leave to file a supplemental brief in which he has raised five claims. One, Jackson argues the district court engaged in judicial misconduct by failing to rule on several pretrial motions. This claim is without merit because the record reflects that these motions were terminated after Jackson pleaded guilty. Two, Jackson argues that the court abused its discretion by refusing to grant his attorney's first motion to withdraw as counsel due to his attorney's potential conflict of interest. This claim must be denied because any conflict of interest issue was cured by the court's appointment of co-counsel. Three, Jackson argues that the Government engaged in misconduct by failing to turn over exculpatory evidence. Because Jackson fails to articulate the substance of the allegedly exculpatory evidence, this claim must also be denied. Four, Jackson argues that his counsel was ineffective. We do not

consider claims of ineffective assistance of counsel on direct appeal unless counsel's ineffectiveness conclusively appears on the face of the record. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). Because the record does not conclusively establish that counsel was ineffective, any such claims are more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2000) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Five, Jackson argues that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). Because Jackson pleaded guilty to conspiring to distribute more than fifty grams of crack, a crime with a statutory maximum sentence of life imprisonment, Jackson's 240-month sentence did not violate Apprendi. 530 U.S. at 489 ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum sentence must be submitted to a jury, and proved beyond a reasonable doubt.").

Finally, Jackson filed a letter under Fed. R. App. P. 28(j), directing our attention to the recent Supreme Court decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). Jackson argues that Blakely dictates that this Court must find his sentence unconstitutional. Pursuant to United States v. Hammoud, No. 03-4253, 2004 WL 1730309 (4th Cir. Aug. 2, 2004) (en banc order), we find this argument without merit.

Accordingly, we affirm Jackson's conviction and sentence. We grant Jackson's motion to file his supplemental brief. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED