**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4687

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAUL LEE JACKSON,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-8238)

Submitted:  September 28, 2005      Decided:  November 22, 2005

Before MOTZ, KING, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

William Cipriani, CIPRIANI & PAULL, L.C., Wellsburg, West Virginia,
for Appellant.  Thomas E. Johnston, United States Attorney, Thomas
O. Mucklow, Assistant United States Attorney, Martinsburg, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Paul Lee Jackson pled guilty to one count of conspiracy to possess with intent to distribute in excess of fifty grams of crack and two counts of distribution of crack in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000). He was sentenced to 240 months in prison and five years of supervised release. We affirmed his conviction and sentence. United States v. Jackson, No. 03-4687, 2004 WL 2165640 (4th Cir. Sept. 16, 2004) (unpublished).

Jackson filed a petition for a writ of certiorari in the United States Supreme Court. His petition was granted, and this court's judgment was vacated, in light of the decision in United States v. Booker, 125 S. Ct. 738 (2005). Jackson v. United States, 125 S. Ct. 1419 (2005). Jackson's case has been remanded to this Court for further proceedings.

Jackson's sentence was imposed prior to the decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004). Jackson did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts not admitted by Jackson or found by a jury beyond a reasonable doubt. Therefore, we review his sentence for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

In Booker, the Supreme Court applied the rationale of Blakely to the federal sentencing guidelines and held that the

- 2 -

mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. <u>Booker</u>, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2004) (requiring sentencing courts to impose a sentence within the applicable guidelines range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. <u>Hughes</u>, 401 F.3d at 546 (citing <u>Booker</u>, 125 S. Ct. at 757, 764 (Breyer, J., opinion of the Court)).

We conclude that the determination that Jackson was responsible for a drug quantity of at least 150 grams but less than 500 grams of cocaine base was error under the Sixth Amendment as applied in <u>Booker</u>, because the facts supporting this enhancement were not alleged in the indictment or admitted by Jackson.[*] Based on the facts present in the indictment, Jackson was responsible for in excess of fifty grams of cocaine base, resulting in a total offense level of thirty-two, instead of the level thirty-four used by the district court. Together with a criminal history category

---

[*]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Jackson's sentencing. <u>See</u> <u>generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

of V, Jackson's guideline range would be 188 to 235 months of imprisonment. Because the 240-month sentence imposed does not fall within the guidelines range calculated without the improper enhancement, Jackson's sentence constitutes plain error that affects his substantial rights and requires resentencing pursuant to Booker and Hughes.

We therefore vacate Jackson's sentence and remand for resentencing consistent with Booker and its progeny. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED